1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10

11   LINDSAY JOHN MAX,                     )   Civil No. 04cv1189-L(AJB)
                                           )
12                   Plaintiff,            )   **ORDER GRANTING EX PARTE**
                                           )   **APPLICATION TO WITHDRAW AS**
13   v.                                    )   **COUNSEL OF RECORD**
                                           )
14   WARDEN ROBERT J. HERNANDEZ *et*       )
     *al.*,                                )
15                                         )
                     Defendants.           )
16                                         )
                                           )
17   ─────────────────────────────────

18        On September 7, 2007 counsel for Plaintiff filed an *Ex Parte* Application to Withdraw as

19   Counsel of Record.  Defendants did not oppose.  Plaintiff was served with the application, but

20   has not responded.  For the reasons which follow, the application to withdraw is **GRANTED**.

21        An attorney representing a client before a tribunal may not withdraw except by leave of

22   court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); Cal. R. Prof. Conduct

23   3-700(A)(1).  This court requires counsel to "comply with the standards of professional conduct

24   required of members of the State Bar of California, and decisions of any court applicable

25   thereto."  Civ. Loc. R. 83.4(b).

26        Counsel maintains withdrawal is necessitated by a breakdown in the attorney-client

27   relationship due to disagreements regarding the best way to proceed and Plaintiff's

28   / / / / /

                                                                              04cv1189

1   unwillingness to follow the counsel's advice.[1]  The counsel argues this has rendered continued

2   representation unreasonably difficult, as provided in California Rule of Professional Conduct 3-

3   700(C)(1).  Although this rule does not mandate withdrawal, it makes it permissive.  However,

4   an attorney may not withdraw until he or she "has taken reasonable steps to avoid reasonably

5   foreseeable prejudice to the rights of the client . . .."  Cal. R. Prof. Conduct 3-100(A)(2).

6           Prior to requesting withdrawal, counsel wrote to Plaintiff about his intention to do so,

7   however, Plaintiff did not respond.  Plaintiff also has not responded to the instant application.

8   The counsel has also obtained extensions of pre-trial case management dates.  (*See* Order

9   Granting the Parties' Joint Motion to Continue Pre-trial Conference and Modify Scheduling

10  Order, filed Sept. 4, 2007.)  Accordingly, the court finds counsel has taken reasonable steps to

11  avoid prejudice to Plaintiff's prosecution of the case at least with respect to notice of intent to

12  withdraw and relief from approaching court deadlines.

13          The court is cognizant that the counsel became involved in this case upon request from

14  the San Diego Volunteer Lawyers Program, and it is doubtful whether Plaintiff, a state prisoner,

15  will be able to secure further representation.  Initially, Plaintiff required assistance in stating a

16  cause of action under 42 U.S.C. § 1983 and seeking a preliminary injunction.  The gravamen of

17  his claim was that the California Department of Corrections and Rehabilitation ("CDCR")

18  willfully failed to provide him with a suitable diet given his medical condition.  Upon obtaining

19  counsel, Plaintiff was able to state a claim, defeat a motion to dismiss and file a motion for

20  preliminary injunction.  Plaintiff's motion for preliminary injunction was denied as moot

21  because the CDCR had transferred him to a correctional institution with hospital facilities and

22  changed his diet, which improved his symptoms.  (*See* Order (1) Denying Plaintiff's Motion for

23  Preliminary Injunction; and (2) Setting Status Conference, filed Jan. 10, 2006.)  Plaintiff

24  continues to claim frequent retaliation by CDCR personnel and inadequate medical treatment.

25

26          [1]   Under the State Bar of California Rules of Professional Conduct, attorneys are
27  bound to preserve client confidences when seeking withdrawal, if disclosing them would
    prejudice the client or violate the counsel's duty of confidentiality.  *See* Cal. R. Prof. Conduct 3-
28  700(A)(2).  In light of these limitations, counsel often is not able to discuss in detail the reasons
    for withdrawal.

1  Given the improvement in the conditions of Plaintiff's confinement and his symptoms, the court

2  finds Plaintiff will not be unduly prejudiced if he has to proceed *pro se*.  Numerous state

3  prisoners represent themselves in section 1983 actions in this court.

4      Having reviewed the application and the supporting declaration of counsel, the court finds

5  good cause exists to grant the application.  For the foregoing reasons, **IT IS HEREBY**

6  **ORDERED** as follows:

7      1. *Ex Parte* Application to Withdraw as Counsel of Record is **GRANTED**.  Plaintiff is

8  hereby substituted *in propria persona*.

9      2. Clerk of Court shall provide a copy of this order to Plaintiff at the following address:

10  Lindsay John Max (T-25849) c/o California Medical Facility, 1600 California Drive, P.O. Box

11  2500, Vacaville, CA 95696-2500.  This address shall be used for service unless a notice of a

12  different address is filed by Plaintiff.

13

14      **IT IS SO ORDERED**.

15

16  DATED:  October 11, 2007

17  _____

    M. James Lorenz

18  United States District Court Judge

    COPY TO:

19

    HON. ANTHONY J. BATTAGLIA

20  UNITED STATES MAGISTRATE JUDGE

21  ALL PARTIES/COUNSEL

22

23

24

25

26

27

28