UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY JOHN MAX,<br><br>          Plaintiff,<br><br>v.<br><br>WARDEN ROBERT J. HERNANDEZ, *et al.*,<br><br>          Defendants. | Civil No. 04cv1189-L(AJB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND HIS EX PARTE APPLICATION FOR ENLARGEMENT OF TIME** |

In this civil rights action, Plaintiff, an inmate in state custody, alleges violation of his Eighth Amendment right against cruel and unusual punishment. Plaintiff suffers from Chron's disease, hepatitis C, and related complications. He claims the prison staff have been deliberately indifferent to his serious medical needs. Plaintiff filed the case *pro se* and it was subsequently referred to San Diego Volunteer Lawyer Program ("SDVLP"). On April 28, 2005, Frank J. Polek, Esq. substituted into the case as Plaintiff's *pro bono* counsel. With the assistance of counsel, Plaintiff filed a fourth amended complaint and a second motion for a preliminary injunction. Plaintiff's counsel also assisted in settlement negotiations. In December 2005, Plaintiff was transferred to the California Medical Facility at Vacaville and secured compliance by the prison officials with his doctor's orders for a Chron's disease diet.[1] (Mot. for

---

[1] Nevertheless, Plaintiff has pointed to several issues regarding his medical care at Vacaville which are presently unresolved. (Mot. at 6-8.)

Reconsideration, filed Nov. 26, 2007 ("Mot."), at 5, 7.) On September 7, 2007 Plaintiff's counsel filed an *Ex Parte* Application to Withdraw as Counsel of Record. Defendants did not oppose. Plaintiff was served and received the application, but did not respond.[2] (Decl. of Lindsay John Max, filed Nov. 26, 2007 ("Decl."), ¶ 6.) On October 11, 2007, the court granted the ex parte application and permitted Plaintiff's counsel to withdraw. On November 26, 2007, Plaintiff filed a motion for reconsideration, which his counsel opposes. Plaintiff subsequently filed a notice of supplemental lodgment in support of his motion and an ex parte application for enlargement of time to file a reply to his counsel's opposition. For the reasons which follow, Plaintiff's motion for reconsideration and his ex parte application are **DENIED**.

Plaintiff's motion is untimely. Pursuant to Civil Local Rule 7.1(i)(2), a motion to reconsider must be filed no later than 30 days after the entry of the order sought to be reconsidered. Plaintiff's motion for reconsideration of the October 11, 2007 order was filed on November 26, 2007. However, due to Plaintiff's severe health issues and related difficulties with the prison correctional and medical staff, documented in the notice of lodgment in support of his motion to reconsider (*see* Lodgment Exh. 11) and his ex parte application for enlargement of time to file a reply brief, the court finds good cause to enlarge the time to file a motion for reconsideration.

Plaintiff bases his motion on Federal Rule of Civil Procedure 60(b)(1) and (6), which provides in pertinent part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief. . . .

/ / / / /

---

[2] Plaintiff contends he did not respond because he was not directed by the court to file a response. The court does not issue notices advising litigants whether they should respond to ex parte applications. Plaintiff maintains that even if he were advised by the court that he should respond to his counsel's ex parte application, he would not be able to due to his severe illness from August to October 2007. (*See* Notice of Lodgment, filed Nov. 26, 2007 ("Lodgment") Exh. 8-11.) The exhibits filed in support of his motion demonstrate that during the same period Plaintiff filed two inmate grievances and an extensive letter to his doctor. Although Plaintiff was hospitalized from October 5 to October 10, 2007, this should not have prevented him from responding to the ex parte application he received on September 17, 2007. (*Cf.* Lodgment Exh. 11; Decl. ¶ 6.)

It is within the court's discretion to grant or deny a Rule 60(b) motion. *United States v. Alpine Land and Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

If the motion is based on a Rule 60(b)(1) mistake by the court, Plaintiff must show that the court committed a specific error. *See Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). In addition, "clause (6) acts as a catch-all allowing the court to grant relief for 'any other reason justifying relief from the operation of the judgment.'" *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004), quoting Fed. R. Civ. P. 60(b)(6). This provision has been "used sparingly and as an equitable remedy to prevent manifest injustice." *Id*. (internal quotation marks and citation omitted). A party is entitled to relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances" to justify relief. *Straw*, 866 F.2d at 1172.

The October 11 order granting leave to withdraw was based on findings that the attorney-client relationship had broken down and that Plaintiff would not be unduly prejudiced in the prosecution of his case. Plaintiff claims these findings were erroneous.

Plaintiff disagrees the attorney-client relationship had broken down. At the same time, he accuses his counsel of misrepresentation to the court and repeatedly complains the counsel was non-responsive to his needs. (*See* Mot. at 4 ("counsel's claims . . . have been misrepresented to this honorable court"), 5 ("Prison officials have waged a continuous, two-year campaign of harassment against this plaintiff which, despite plaintiff's through documentation and counsel's personal knowledge of same, has never been related to this honorable Court."), 6 ("plaintiff's attorney failed to act"), 7 (Plaintiff's attorney did appraise the Court of plaintiff's situation, but solely for the purpose of receiving an enlargement of time to complete discovery."), 8 ("Plaintiff's attorney, acting as a diligent advocate for plaintiff's rights, should have appraised the Court . . . .").) Plaintiff's own statements demonstrate that the attorney-client relationship is indeed broken down and that Plaintiff is dissatisfied with his counsel.

In addition, Plaintiff claims he will be prejudiced if his counsel is allowed to withdraw, because he is in a physical and mental state worse than when he arrived at Vacaville. (Mot. at 8.) Plaintiff's pleadings contradict this assertion. Even under the present circumstances, Plaintiff's filings demonstrate he is able to clearly articulate his claims and legal arguments.

Prior to filing the ex parte application to withdraw, Plaintiff's counsel secured an extension of pre-trial deadlines. If further extensions of time are necessary, Plaintiff is capable of requesting relief *pro se*. Based on the foregoing, Plaintiff has not met the standards of Rule 60(b)(1) or (6).

In the ex parte application filed January 18, 2008, Plaintiff requested an extension of time to reply to his counsel's opposition filed November 30, 2007. On December 5, 2007, Plaintiff filed a Notice of Supplemental Lodgments in support of his motion, which attached medical records covering the summer and fall of 2007. In his reply, Plaintiff wants to present more recent medical records and address the statements and opinions of his counsel contained in the three-page opposition. In considering Plaintiff's motion for reconsideration, the court accepted Plaintiff's representations regarding his medical condition, including the representations made in his January 18 ex parte application. Accordingly, further medical records are not necessary. With respect to Plaintiff's desire to address his counsel's statements and opinions, the reply would be irrelevant. Plaintiff's own statements demonstrate that the attorney-client relationship is broken down and his motion filings show he is sufficiently capable of self-representation in this case.

Plaintiff's motion for reconsideration and his ex parte application for enlargement of time are **DENIED**. Pursuant to Plaintiff's request, the court will again refer this case to the SDVLP.[3] Plaintiff should note, however, that it is by no means certain that SDVLP will again be able to locate *pro bono* counsel to represent him.

**IT IS SO ORDERED**.

DATED: January 25, 2008

M. James Lorenz
United States District Court Judge

---

[3] The court considered whether Plaintiff meets the exceptional circumstances standard for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff does not meet the standard because he is able to articulate his claims *pro se* in this case. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL